UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOMINICK GIAMPAOLO,
    Plaintiff,

vs.                                                                                          06-1186

FRANK SHAW, et.al.,
    Defendants.

**ORDER**

    This cause is before the court for merit review of the plaintiff's complaint. The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A

    The plaintiff brings this lawsuit pursuant to 42 U.S.C. §1983 against 11 defendants at the Hill Correctional Center including Warden Frank Shaw, Health Care Administrator Lois Mathes, Dr. Ravanam, Law Librarian Leonard Palmer, Paralegal Mark Spencer, Grievance Officer Robert Schisler, Nurse Rita Last Name Unknown (Herein LNU), Clothing Room Manager Gil Lewis and Correctional Officers Anderson, Dickerson and Colinson. The plaintiff's complaint lists six different allegations.

A. DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL CONDITION

    The plaintiff says for more than three months he was denied prescription medications causing him to suffer severe ulcer pain, intestinal pain, migraines and back pain. The plaintiff says the medications had been continuously renewed since 2001 by various Illinois Department of Corrections Doctors. However, the plaintiff says Defendant Nurse Rita LNU ignored the plaintiff's claims and continued to tell him he had to put in a sick call request. Defendant Rita LNU also refused the plaintiff over-the-counter medications that would have eased his pain. The plaintiff says Dr. Ravanam and Health Care Administrator Lois Mathes also refused to schedule an appointment for the plaintiff or see him despite numerous sick call requests.

    The plaintiff alleges that Mathes is responsible for his claims because she was the supervisor of the medical unit. The mere fact that Mathes has a supervisory position is insufficient to establish liability because the doctrine of <u>respondeat superior</u> (supervisor liability) does not apply to actions filed under 42 USC §1983. <u>Pacelli v. DeVito</u>, 972 F.2d 871, 877 (7th Cir. 1992). A supervisor cannot be held liable for the errors of her subordinates. However, the plaintiff has also alleged that Mathes was responsible for scheduling appointments in the health care unit and did not schedule him despite numerous requests. Therefore, the plaintiff has adequately alleged that Mathes has personal knowledge of his allegations. The court finds that the plaintiff has

adequately alleged that Defendants Nurse Rita LNU, Dr. Ravanam and Lois Mathes violated his Eighth Amendment rights.

B. DENIAL OF MEANINGFUL ACCESS TO THE COURTS

The plaintiff next claims that the Defendants Mark Spencer , Leonard Palmer and Robert Schisler  violated his right to meaningful access to the courts by failing to provide him adequate time in the law library.   An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim.  Lewis v. Casey, 518 US. 343, 116 S. Ct. 2174, 2180 (1996).  The plaintiff mentions several delays in lawsuits due to the lack of law library time, but this is not an "actual injury." Id.   However, the plaintiff does state that he was unable to file an appeal in one of his criminal cases.  This is adequate to allege a violation of his First Amendment right of meaningful access to the courts.

C. DENIAL OF PROPER CLOTHING

The plaintiff says he has failed to receive proper clothing while at Hill Correctional Center. The plaintiff says Defendant Gil Lewis has denied the plaintiff  "proper coats, winter gloves, scarves, winter boots, thermal tops, thermal bottoms or raincoats" despite the frigid winter temperatures. (Comp, p.7).  The plaintiff says he suffered from a variety of health problems as a result.  The plaintiff has adequately alleged that Defendant Lewis violated his Eighth Amendment rights when  he was deliberately indifferent to the plaintiff's health and safety.

D. DENIAL OF BOOKS

The plaintiff alleges that Defendant Collinson violated his constitutional rights when he took several books from the plaintiff and told the plaintiff the items were contraband because they were on the disapproved list.  The plaintiff says the items were not on the list and the plaintiff had no legitimate reason to take these items. The plaintiff says the actions of the defendants violated his First and Fourth amendment rights.

The plaintiff has not stated a violation of his Fourth Amendment rights.  Prisons may screen incoming publications, Thornburgh v Abott, 490 U.S. 401, 412-419 (1989), and prisoners have no expectation of privacy with respect to their property under the Fourth Amendment.  Hudson v. Palmer, 468 U.S. 517, 526 (1984).  However, the plaintiff has stated a violation of his First Amendment rights based on the censorship of the incoming publications.

E. ILLEGAL SEARCH AND SEIZURE

The plaintiff also claims that Defendants Anderson, Dickerson and Schisler improperly took some of his property at Hill Correctional Center.  The plaintiff says on August 2, 2005, he was sent to segregation and then allowed back into the general population the next day.   The plaintiff says Officers Anderson and Dickerson searched his property and did not allow him to observe the search.  He was then forced to sign an inventory sheet.  When he looked through his property, the

plaintiff found several items missing including a toothbrush, extension cord, a rain coat, folders, cold pills, cables, etc.  The plaintiff claims the defendants violated his Fourth Amendment rights with the illegal search and seizure of his property.

The plaintiff has failed to state a violation of his constitutional rights. "Prisoners lack any reasonable expectation of privacy under the Fourth Amendment." <u>Johnson v Phelan</u>, 69 F.3d 144, 147 (7th Cir. 1995).  In addition, the plaintiff does not allege that the deprivation took place according to any established state procedure, nor that he lacked an adequate remedy under state law.  <u>Antonelli v. Sheahan</u>, 81 F.3d 1422, 1430 (7th Cir. 1995)

F.  LIVING CONDITIONS

The plaintiff claims the living conditions at Hill Correctional center violate his Eighth Amendment right to be free from cruel and unusual punishment.  The plaintiff says he is forced to live in a very small cell with another inmate and is allowed little out of cell time.   The plaintiff says as a result he has suffered both physically and mentally.  The plaintiff has named Warden Frank Shaw as the responsible defendant for this claim as well as all other claims.   The plaintiff says he has repeatedly complained to the warden and he has taken no action.  The plaintiff has stated a violation of his Eighth Amendment rights.

The plaintiff states that the allegations in his complaint are the result of a custom or practice at the Hill Correctional Center.  For the purpose of notice pleading, the court finds the allegations are stated against the defendants in their official and individual capacities.

**IT IS THEREFORE ORDERED that:**

**1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff states the following federal claims:**

> **a) Defendants Nurse Rita LNU, Dr. Ravanam and Lois Mathes violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical condition for approximately three months**.
>
> **b) Defendants Mark Spencer, Leonard Palmer and Robert Schisler violated the plaintiff's right to meaningful access to the courts by failing to provide him adequate time in the law library and therefore preventing him from filing an appeal.**
>
> **c) Defendant Lewis violated his Eighth Amendment rights when  he was deliberately indifferent to the plaintiff's health and safety.**
>
> **d) Defendant Collinson violated the plaintiff's First Amendment rights when he took several books from the plaintiff.**
>
> **e) Defendant Shaw violated the plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment based on the living conditions at**

      **Hill Correctional Center.**

      **The claims are against the defendants in their official and individual capacities.**

**2) The plaintiff has failed to state any claims based on violation of the Fourth Amendment.  The plaintiff has also failed to state any claims against Defendants Anderson and Dickerson.  The clerk is directed to dismiss these two defendants.**

**3) Any other intended claims based on federal law, other than those set forth in paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.**

**4)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.**

**5) The court entered an order on August 16, 2006, granting the plaintiff's motion to proceed in forma pauperis and directing the plaintiff to pay an initial partial filing fee of $15.34.  This fee must be paid on or before September 12, 2006 or this case will be dismissed.  The clerk is directed to provide a copy of this order to the plaintiff's place of confinement, to the <u>attention of the Trust Fund Office</u>.**

**6)  After the plaintiff pays the initial partial filing fee as directed, a Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.**

**7)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.**

**8)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

Entered this 25th day of August, 2006.

                            s\Harold A. Baker

                     _____
                         HAROLD A. BAKER
                     UNITED STATES DISTRICT JUDGE