UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOMINICK GIAMPAOLO,
    Plaintiff,

vs.                                                          06-1186

FRANK SHAW, et.al.,
    Defendants.

### CASE MANAGEMENT ORDER #1

This cause is before the court for consideration of a variety of pending motions filed by the plaintiff including: 1) the plaintiff's motion concerning service of Defendant Ravanam [d/e 52, 82]**;** 2) the plaintiff's motion to amend his complaint [d/e 53]; 3) the plaintiff's motions for appointment of counsel [d/e 62, 65]; 5) the plaintiff motion to certify his lawsuit as a class action [d/e 70] and various discovery motions. [d/e 54, 74, 76, 77. 84].

### I.  BACKGROUND

The plaintiff brought this lawsuit pursuant to 42 U.S.C. §1983 against 11 defendants at the Hill Correctional Center including Warden Frank Shaw, Health Care Administrator Lois Mathes, Dr. Ravanam, Law Librarian Leonard Palmer, Paralegal Mark Spencer, Grievance Officer Robert Schisler, Nurse Rita Fernald, Clothing Room Manager Gil Lewis and Correctional Officers Anderson, Dickerson and Colinson.

On August 25, 2006, the court conducted a merit review and found the plaintiff had adequately alleged the following claims:

> a) Defendants Nurse Rita Fernald, Dr. Ravanam and Lois Mathes violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical condition for approximately three months. (The plaintiff says for more than three months he was denied prescription medications and examinations causing him to suffer severe ulcer pain, intestinal pain, migraines and back pain);
> b) Defendants Mark Spencer, Leonard Palmer and Robert Schisler violated the plaintiff's right to meaningful access to the courts by failing to provide him adequate time in the law library and therefore preventing him from filing an appeal;
> c) Defendant Lewis violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's health and safety. (The plaintiff says Lewis failed to provide proper clothing for the frigid winter temperatures causing the plaintiff to become ill);
> d) Defendant Colinson violated the plaintiff's First Amendment rights when he took several books from the plaintiff without any legitimate reason; and,

1

    e) Defendant Shaw violated the plaintiff's Eighth Amendment rights to be
    free from cruel and unusual punishment based on the living conditions at
    Hill Correctional Center. (The plaintiff says he suffered physically when he was
    forced to live in a very small cell with another inmate and not allowed sufficient
    time outside his cell.)

The claims are against the defendants in their official and individual capacities. The court also notes that it dismissed a Fourth Amendment claim and a claim based on the taking of the plaintiff's property. *See* August 25, 2006 Court Order. Consequently, the court dismissed Defendant Correctional Officers Anderson and Dickerson.

## II.  MOTION FOR AN EXTENSION OF TIME

  The plaintiff has filed a motion for an extension of time to serve Dr. Ravanam. [d/e 52]. The initial requests for Waiver of Service and Notice of Lawsuit was sent on April 18, 2007. Three waivers were returned un-executed on April 23, 2007 since the named individuals were no longer employed at Hill Correctional Center. The Department of Corrections provided the last known home address for each of these individuals. A second set of waivers and notices were then sent to the new addresses. All were returned except Dr. Ravanam.

  On June 27, 2007, the court held a status hearing. The court informed the plaintiff that it was unsuccessful in its attempts to serve Dr. Ravanam, and had no further information. The court told the plaintiff he was ultimately responsible for service on this defendant. The plaintiff was advised that if he could provide no further information within 45 days, Dr. Ravanam would be dismissed. *See* June 27, 2007. The court also notes that it had no success in attempting personal serving on this individual in another pro se prisoner lawsuit.[1] Dr. Ravanam does not live within the Central District of Illinois and the court was informed that he no longer worked for the Department of Corrections or Wexford Health Services.

  The plaintiff then filed his motion for additional time stating that he needed more discovery time to determine the correct address of Dr. Ravanam [d/e 52] and has now filed a motion for default judgement and sanctions.[d/e 82]. The plaintiff states that defense counsel has not been truthful with the court. Defense counsel told the court it did not know the whereabouts of Dr. Ravanam. However the plaintiff alleges that defense counsel is now representing Dr. Ravanam in Case No. 07-1281, *Scott v. Wright.*

  The court notes the docket in *Scott v. Wright* indicates that a waiver of service and notice of lawsuit for the doctor were returned by Hill Correctional Center un-executed. However, when the documents were resent to the doctor's home address, they were returned signed on December 5, 2007. Attorney Theresa Powell has entered her appearance on behalf of the doctor. The court has compared the home address provided in the *Scott* case to the home address provided to the

---

[1]*See Williams v. Ravanam,* Case No. 06-1205.

clerk of the court in this case.   The address is the same, except one number is incorrect in the zip code provided to the clerk

The court will not grant the plaintiff's motion for default since Dr. Ravanam was not served in this case and will not grant his motion for sanctions. [d/e 82].  However, the court will allow the plaintiff's motion for an extension of time to serve this defendant.  Although it appears to be a typographical error, the failure to serve this defendant was the result of an incorrect address provided by defense counsel.

The court will order the clerk of the court to send a new waiver of service and notice of lawsuit to Dr. Ravanam at the revised address.  Defense counsel is advised that if the documents are not returned to the court in a timely manner, the court will order the U.S. Marshals to personally serve this defendant and to the extent authorized by the Federal Rules of Civil Procedure, will require the doctor to pay the full cost of such service.

### III.  MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT.

The plaintiff has file a motion for leave to file an amended complaint. [d/e 53]  He says he has learned that one of his injuries is permanent, and also wishes to add the names of two defendants whose names were not available at the time he filed his initial complaint.

The plaintiff's proposed amended complaint repeats three of his five claims with more detail, but provides no other substantive changes to these claims.  The plaintiff also repeats his claim that Defendants Fernald, Dr. Ravanam and Mathes were deliberately indifferent to his serious medical condition when they refused him prescription medication and to exam him for over three months.   However, the plaintiff has also added a new defendant to this claim: Wexford Health Services, Inc.  The plaintiff says Wexford is contracted to provide medical services for the Illinois Department of Corrections and is therefore responsible for the hiring, training and supervision of the medical employees.

> An affirmative link between Dr. Ravanam, Nurse Rita Fernald and other unknown nurses is clear and evident. As a direct result of Wexford Health Services complete lack of training, hiring standards, lack of supervision and grossly inadequate training, I suffered physical pain from the lack of medication..... (Comp, p. 5).
> The doctors and nurses who are employed by Wexford for IDOC are subordinate to Wexford's authority, which is paid by the taxpayers of Illinois of which plaintiff is one, and their hiring practices, lack of training, and deliberate indifference for the medical staff occurs in an open and recurrent manner and therefore Wexford and IDOC should known or should have known of their indifference and lack of training. (Comp, p. 5).

The defendants argue that the plaintiff is attempting to sue Wexford Health Services based on the doctrine of *respondeat superior*.   The mere fact that a defendant was a supervisor is insufficient to establish liability because the doctrine of *respondeat superior* (supervisor liability) does not apply to actions filed under  42 USC §1983.  *Pacelli v. DeVito*, 972 F.2d 871,

3

877 (7th Cir. 1992). For a supervisor to be held liable under 42 U.S.C. § 1983, he "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye. . ." *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988). The defendants say the plaintiff does not claim that his lack of treatment was the result of an express policy or custom at Wexford. Instead, he is suing Wexford simply because they are the supervising employer.

The plaintiff responds that Wexford is an appropriate defendant because it "is personally involved in the conduct of their subordinates by the contract they sign with IDOC and that the employees agree to follow." (Plain. Resp., p. 3) The plaintiff further alleges that although he did not use the words "policy" or "custom," but he has described a policy based on the continued problems that he faced. The court also notes that the plaintiff framed his allegation as a "failure to train" claim. (Comp., p. 5)

Liability may exist under §1983 if an employee has not been properly trained and a constitutional wrong is caused by that failure to train. *City of Canton v Harris,* 489 U.S. 378, 387 (1989). In this case, the liability is not based on *respondeat superior,* but the supervisor's own actions or inactions which caused the harm. "It is only when the 'execution of the government's policy or custom...inflicts the injury' that the municipality may be held liable under §1983." *Springfield v. Kibbe,* 480 U.S. 257, 267 (1987) *quoting Monell v New York City Dept of Social Services,* 436 U.S. 658, 694 (1978). "A claim concerning an isolated incident is generally insufficient to sustain a claim for failure to train because those officials who were responsible for creating a policy must be on notice of the constitutional deficiencies."*McCurry v. Moore,* 242 F. Supp 2d 1167,1177 (N.D. Fla. 2002). For the purposes of notice pleading, the court finds the plaintiff has alleged a claim against Wexford for failure to properly train its employees which lead to the denial of medical care for three months.

The plaintiff has also amended his claim concerning the lack of adequate clothing. However, the additions to this count allege an entirely new claim against new defendants. The plaintiff had previously alleged that because Defendant Lewis had denied him proper winter clothing, he suffered physical injury including two ear infections. The plaintiff now claims that he was denied proper treatment for those ear infections and has learned that he suffers permanent hearing loss. The plaintiff says Dr. P. Seaver and Wexford Health Services were deliberately indifferent to his serious medical condition.

The defendants respond that since the plaintiff is claiming Dr. Seaver failed to provided care from January 28, 2005 to April 13, 2005, his allegations are beyond the two year statute of limitations period. Section 1983 claims borrow the statute of limitations established by the state in which the claims are filed. *Shropshear v. Corp. Counsel of the City of Chicago,* 275 F.3d 593, 594 (7th Cir.2001). "[T]he appropriate statute of limitations for §1983 cases filed in Illinois is two years as set forth in 735 ILCS §5/13-202."*Ashafa v. City of Chicago,* 146 F.3d 459, 461 (7th Cir. 1998).

In addition, the defendants state that the claims against Dr. Seaver do not arise out of the original claims in the plaintiff's complaint. Rule 15c of the Federal Rules of Civil Procedure

determines whether or not a plaintiff may amend his complaint to add a new defendant once the statute of limitations period has run. Amendments changing the party or the naming of a party "relates back" to the date of the original filing of the complaint if the claim arose from the same conduct asserted in the original complaint and the new defendant "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party." Fed. R. Civ. Proc. 15(c)(3).

The only mention of ear pain or problems in the plaintiff's complaint pertained to his claim that he was denied proper clothing.[2]

> As a direct result of the denial of cold weather clothing in the winters of 2004 and 2005, I developed at least 2 ear infections suffering severe pain and hearing loss...." (Plain. Comp., p 8).

The plaintiff says he has now learned that his hearing loss is permanent. However, the plaintiff knew he suffered hearing loss when he filed his original complaint in 2006 and chose not to file a claim pertaining to medical care. In addition, the plaintiff states that he did not know Dr. Seaver's name "until recently as he was just able to obtain a copy of the relevant medical records." (Plain Memo, p. 5) Failure to know the identity of a defendant is not a "mistake" under Rule 15c. *See Baskin v. City of Des Plaines,* 138 F.3d 701 (7th Cir. 1998). The plaintiff's motion to add a new claim concerning the denial of proper care for his ears is denied.

The plaintiff's motion to amend his complaint is granted in part and denied in part. The court will allow the plaintiff to add Defendant Wexford to his first claim of deliberate indifference to a serious medical condition. The other proposed amendments will not be allowed since the claims are barred by the two year statute of limitations period and do not arise out of the original claims in his complaint. Therefore, the court will not ask the clerk to file the proposed amended complaint. Instead, the new defendant will be asked to file an answer to the claims identified in this case management order.

### IV. MOTION FOR APPOINTMENT OF COUNSEL/ CLASS ACTION LAWSUIT

The plaintiff first asks the court to appoint counsel to represent him. The plaintiff says he has tried to contact attorneys to represent him without success and cannot afford to hire an attorney on his own. The plaintiff says he has a limited ability to investigate his claims and has not had success in obtaining discovery documents from the defendants. The plaintiff also says he would like his lawsuit to proceed as a class action on behalf of several inmates at Hill Correctional Center.

The plaintiff's motions for counsel are denied with leave to renew. [d/e 62, 65]. Civil

---

[2]The plaintiff's original complaint did allege that he was denied proper medical care. However, the plaintiff specifically claimed he was denied care for "four separate chronic conditions." (Plain Comp., p. 5) The plaintiff made no mention of ear pain or problems.

litigants have no federal right to appointed counsel. The district court may request appointment of counsel under 28 U.S.C. § 1915(e)(1), but cannot force an attorney to accept appointment. *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir.1997). To decide whether counsel should be requested, the court asks, "'[G]iven the difficulty of the case, [does] the plaintiff appear to be competent to try it himself and, if not, would the presence of counsel [make] a difference in the outcome?'" *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). "Although a good lawyer may [do better than a *pro se* plaintiff], that is not the test, for if it was "'district judges would be required to request counsel for every indigent litigant.'" *Luttrell*, 129 F.3d at 936. Though the case involves the plaintiff's medical treatment, at this point it does not appear so complex that the plaintiff is not competent to proceed pro se. The difficulties faced by the plaintiff are the same faced by all pro se prisoners. Perhaps more importantly, the plaintiff has not shown enough factual merit to his claim of deliberate indifference to warrant an inference that counsel would make a difference in the outcome.

In addition, the defendants maintain that they have responded to the plaintiff's discovery requests, but cannot provide documents that are not under their control. If the plaintiff believes the defendants have not adequately responded to his requests, he must first make an attempt to resolve the dispute with defense counsel. If this is not sufficient, the plaintiff may file a motion to compel with the court setting out what requests he made, what responses he received and why he believes the defendants should provide more.

The plaintiff next asks the court to certify his lawsuit as a class action. [d/e 70]. The plaintiff filed his initial complaint citing only incidents that involved the plaintiff. The plaintiff's amended complaint also alleged claims involving only the plaintiff. The plaintiff has attached a third complaint to his motion to certify his lawsuit as a class action. However, the plaintiff says he is not asking to file this complaint as an amendment. Instead, the plaintiff says he has attached the complaint as proof of why this case needs to proceed as a class action. The plaintiff lists six other inmates in his caption, but no other inmates have signed the proposed complaint nor indicated in any other way their desire to join this lawsuit.

The plaintiff's "class action" complaint only mentions two of the plaintiff's original claims: that inmates are forced to live in cells that are too small and they are not provided adequate clothing for the winter. The plaintiff does not make any reference to his three other claims or the defendants involved in those claims.

The plaintiff's motion to certify his lawsuit as a class action is denied. Since absent class members are bound by a judgment whether for or against the class, they are entitled at least to the assurance of competent representation afforded by licensed counsel. *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir.1975); *see also Ethnic Awareness Organization v. Gagnon*, 568 F.Supp. 1186, 1187 (E.D.Wis.1983); *Huddleston v. Duckworth*, 97 F.R.D. 512, 514-15 (N.D.Ind.1983)(prisoner proceeding pro se not allowed to act as class representative).

In addition, the court explained that even lawyers could not act as both a class representative and as an attorney for the class because it would eliminate the checks and

6

balances needed for the class members. *See e.g.*, *Sweet v. Bermingham*, 65 F.R.D. 551, 552 (1975); *Graybeal v. American Saving & Loan Ass'n*, 59 F.R.D. 7, 13-14 (D.D.C.1973); *see also Susman v. Lincoln American Corp.*, 561 F.2d 86, 90 n. 5 (7th Cir.1977), appeal after remand, 587 F.2d 866 (1978), cert. denied, 445 U.S. 942, 100 S.Ct. 1337, 63 L.Ed.2d 775 (1980); *Conway v. City of Kenosha*, 409 F.Supp. 344, 349 (E.D.Wis.1975)(plaintiff acting both as class representative and as class attorney precludes class certification).

### V. DISCOVERY

The plaintiff has also filed various discovery motions.  First, the plaintiff has filed a motion for a court order allowing him to take the affidavits of other inmates at Hill Correctional Center. [d/e 54]  The plaintiff says he no longer resides at Hill Correctional Center and would like to obtain affidavits from inmates who reside at the Hill Correctional Center by mail.   The plaintiff says his new facility, Danville Correctional Center, has a policy which prohibits correspondence between inmates.

The plaintiff does not state specifically why he needs the affidavits or what evidence he hopes to present with the affidavits or how those affidavits would specifically be relevant to his surviving claims.  In addition, the defendants state that the plaintiff can "request permission to correspond with inmates at other institutions through the Chief Administrative Officer (Warden) at his institution and the Chief Administrative Officers of institutions housing the inmates with who Plaintiff wishes to communicate.  Plaintiff can initiate this process through his Correctional Counselor." (Def. Memo, p. 1-2).  The plaintiff does not claim he has made this effort or that his efforts have been rejected.  The motion is denied.

The plaintiff has filed two motions to suppress his deposition. [d/e 76, 77]   The plaintiff first claims he was not properly notified that defense counsel for all defendants would be at the deposition.  The plaintiff says he only received notice from counsel for Defendants Shaw, Mathes, Palmer, Spencer, Schisler, Lewis and Collinson.  The plaintiff says he did not receive notice from counsel for Defendant Rita Furnald and does not believe its proper that two attorneys were allowed to ask him questions as a "tag-team." (Plain. Mot., p. 1).

The plaintiff also says his memory may not have been accurate because he was heavily medicated due to his on-going pain and he informed counsel of this fact at the deposition.  Counsel responds that the plaintiff's claims of impairment were explored during the deposition and a portion of the deposition has been provided to the court.  The plaintiff stated that he had taken Tylenol on the morning of the deposition and that he felt fatigued.

The plaintiff's motions are denied.  The plaintiff does not allege that he was not provided an opportunity to review his deposition and correct any inaccuracies.

### CONCLUSION

The court has denied the plaintiff's motion to certify this lawsuit as a class action and has denied the plaintiff's motion for appointment of counsel with leave to renew.  The court has

granted the plaintiff's to amend his complaint to add Wexford Health Services to his first claim that the defendants were deliberately indifferent to his serious medical conditions. The plaintiff's surviving claims are as follows:

> a) Defendants Nurse Rita Fernald, Dr. Ravanam, Lois Mathes and Wexford Health Services violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's serious medical condition for approximately three months;
> b) Defendants Mark Spencer, Leonard Palmer and Robert Schisler violated the plaintiff's right to meaningful access to the courts by failing to provide him adequate time in the law library and therefore preventing him from filing an appeal;
> c) Defendant Lewis violated his Eighth Amendment rights when he was deliberately indifferent to the plaintiff's health and safety;
> d) Defendant Colinson violated the plaintiff's First Amendment rights when he took several books from the plaintiff without any legitimate reason; and,
> e) Defendant Shaw violated the plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment based on the living conditions at Hill Correctional Center.

The claims are against the defendants in their individual and official capacities.

The court has also allowed the plaintiff's motion for an extension of time to serve Dr. Ravanam. Therefore, the court will allow the motions for an extension of time to complete discovery. [d/e 74, 84]. The court will also extend the discovery deadlines. Consequently, the motion for summary judgement is denied with leave to renew. [d/e 86] The motions for extension of time to file a dispositive motion or respond to the dispositive motions are also denied. [d/e 86, 88, 90]

**IT IS THEREFORE ORDERED that:**

> **1) The plaintiff's motion for an extension of time to serve Dr. Ravanam is granted. [d/e 52]. The plaintiff's motion for a default judgement and sanctions is denied. [d/e 82] The Clerk of the Court is directed to send a Notice of Lawsuit and Request for Waiver of Service to the corrected address for Dr. Ravanam. Defense counsel is advised that if the documents are not returned to the court in a timely manner, the court will order the U.S. Marshals to personally serve this defendant and to the extent authorized by the Federal Rules of Civil Procedure, will require the doctor to pay the full cost of such service.**
>
> **2) The plaintiff's motion for leave to amend his complaint is granted in part and denied in part. [d/e 53] The court will allow the plaintiff to add Wexford Health Services to his first count. The court will not allow the other proposed additions since they are barred by the statute of limitations period and do not arise out of the original claims in the plaintiff's complaint. Therefore, the court will not file the proposed amended complaint.**
>
> **3) The Clerk of the Court is directed to send a Notice of Lawsuit and Request for**

**Waiver of Service to the Wexford Health Services.**

**4) Defendants Wexford and Ravanam shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.**

**5) The plaintiff's motions for appointment of counsel are denied with leave to renew. [d/e 62, 65].**

**6) The plaintiff's motion to certify his lawsuit as a class action is denied. [d/e 70]**

**7) The plaintiff's motion for a hearing on his pending motions is denied as moot. [d/e 73]**

**8) The plaintiff's motion for a court order allowing him to take the affidavits of other inmates at Hill Correctional Center is denied. [d/e 54] The plaintiff's motions to suppress his deposition are also denied. [d/e 76, 77]**

**9) The motions for an extension of time to complete discovery are granted. [d/e 74, 84]. The motion for summary judgement is denied with leave to renew. [d/e 86] The motions for extension of time to file a dispositive motion or respond to the dispositive motions are also denied. [d/e 88, 90]**

**10) The court will abide by the following revised scheduling deadlines: 1) all discovery must now be completed on or before June 2, 2008; and 2) any dispositive motions must be filed on or before July 1, 2008.**

Entered this 17th day of March, 2008.

                            s\Harold A. Baker
               _____
                            HAROLD A. BAKER
                    UNITED STATES DISTRICT JUDGE