UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DOMINICK GIAMPAOLO,
    Plaintiff,

vs.                                                                                            06-1186

Frank L. Shaw. et al
Defendants.

### CASE MANAGEMENT ORDER #3

This cause is before the court for consideration of various pending motions including the plaintiff's motions to compel [d/e 125, 127], the plaintiff's motions for sanctions [d/e 128], and the plaintiff's motion for a protective order or motion in limine. [d/e 142]

### I.  BACKGROUND

The plaintiff, a state prisoner, brought his lawsuit pursuant to 42 U.S.C.§1983 claiming that his constitutional rights were violated at the Hill Correctional Center.  The plaintiff has the following claims against 10 defendants:

a) Defendants Nurse Reita Furnald, Dr. Ravanam, Lois Mathes and Wexford Health Services violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to the plaintiff's medical condition for approximately three months. Specifically, the plaintiff says he was denied prescription medications and examinations causing him to suffer severe ulcer pain, intestinal pain, migraines and back pain.
b) Defendants Mark Spencer, Leonard Palmer and Robert Schisler violated the plaintiff's right to meaningful access to the courts by failing to provide him adequate time in the law library and thereby preventing him from filing an appeal.
c) Defendant Lewis violated the plaintiff's Eighth Amendment rights when he was deliberately indifferent to the plaintiff's health and safety. Specifically, the plaintiff says Lewis failed to provide proper clothing for frigid winter temperatures causing him to become ill.
d) Defendant Collinson violated the plaintiff's First Amendment rights when he took several books from the plaintiff without any legitimate reason.
e) Defendant Shaw violated the plaintiff's Eighth Amendment rights to be free from cruel and unusual punishment based on the living conditions at Hill Correctional Center. The plaintiff says he suffered physically when he was forced to live in a very small cell with another inmate and not allowed sufficient time outside his cell.

### II. MOTIONS TO COMPEL

The plaintiff has filed two more motions to compel.[d/e 130, 134] The court denied the plaintiffs first motion to compel discovery. *See* July 9, 2008 Case Management Order.   The

plaintiff continues to seek information that is over broad or not related to his specific claims against the specific individuals named in his complaint.

A. SECOND MOTION TO COMPEL DISCOVERY [d/e 130]

The plaintiff first claims the Illinois Department of Corrections (herein IDOC) defendants did not properly respond to his requests for documents. The plaintiff asked the defendants to provide "any document showing the Health Care Units providing/controlling corporation and the dates of their responsibilities/supervision at Hill Correctional Center." (Plain Mot, p. 1). The defendants objected that the request sought irrelevant information and documents that were not under their control.

The plaintiff says he believes the Health Care Administrator does have a "copy of the contract that IDOC has with the nurses she supervises." (Plain. Mot, p. 1). The defendants response is adequate. First, it is not clear from the plaintiff's request what he is asking for. Second, he has not stated how any such a document is relevant to his claims and finally, it is not clear that he has asked the appropriate defendants for these documents.

The plaintiff also asked the defendants to provide any documents pertaining to the seizure or review of publications at Hill Correctional Center (herein Hill). The defendants appropriately objected that this request is over broad. The denial of other inmates magazines or books is not relevant to the plaintiff's claims. The defendants say they have provided the plaintiff with documentation concerning the books that were confiscated from him and have provided him with the complete copy of the lengthy approved/disapproved list. (Def. Resp, p. 2-3).

The plaintiff further objects to the responses Defendant Gil Lewis provided to a series of Interrogatories asking hypothetical questions such as "what is the proper clothing for a rainy day," or list what clothing you wear on a cold day. (Plain. Mot., p 2). The court agrees with the defendants that the requests are hypothetical and have no bearing on what is appropriate clothing for an IDOC inmate.

The plaintiff asked similar questions of Defendant Mark Spencer. For instance, the plaintiff asked how many hours the defendant spends preparing a legal brief, etc. (Def. Mot, p. 2-3). Again, the interrogatory is hypothetical and not relevant to what is appropriate for an IDOC inmate.

Finally, the plaintiff asked Defendant Nurse Furnald to "identify which document, as the term is defined in Fed. Rules of Civil Procedure 34(a)(1), that evidences or refers to any of the facts stated in response to interrogatories No. 7 and 18." (Plain Mot, p.3). Interrogatory #7 asks the defendant to specify her contractual duties. The defendant has provided a copy of her job description and the court believes this answer is sufficient. The plaintiff has not demonstrated how any additional evidence is relevant to his claims. Interrogatory # 18 asks for the plaintiff to identify any "complaints, criminal actions, civil actions or disciplinary actions" brought against her at Hill Correctional Center. The defendant has replied that there have been no criminal or

disciplinary actions and this is the only civil action she is aware of. The answer is sufficient. The second motion to compel is denied. [d/e 130]

B. THIRD MOTION TO COMPEL [d/e 134].

The plaintiff maintains that he has not received a response to his interrogatories from Dr. Ravanam. The defendant states that he had provided a response before the plaintiff filed his motion to compel. Nonetheless, since the plaintiff claims he had not received them, another copy was sent.

The plaintiff then points to several responses to the interrogatories sent to Wexford Health Sources (herein Wexford) that the plaintiff believes are inadequate:

Interrogatory No. 8: The plaintiff asks if any Wexford employees at Hill Correctional Center have ever been removed for failing to perform their duties. If so, which ones? The defendants object that the interrogatory is vague since no time frame has been proposed. In addition, the defendants argue that the request is not reasonably calculated to lead to the discovery of admissible evidence. The court agrees and finds the request over broad.

Interrogatory No. 9: The plaintiff asks how Wexford employees record the fact that they work certain days or hours when working at Hill. The defendants again object that no time frame has been provided, but state that from May to July of 2005, the employees punched a time clock and/or completed a missing punch form. The court finds that this answer is adequate.

Interrogatory No. 10: The plaintiff asks for the job descriptions of each Wexford employee at Hill Correctional Center. The defendants have objected that the interrogatory is vague and not reasonably calculated to lead to the discovery of admissible evidence. The defendants are correct. The plaintiff is not entitled to job descriptions for every employee who ever worked for Wexford.

Interrogatory No. 12: The plaintiff asks for the names of those Wexford employees who are directly responsible for supervising the doctors, nurses and staff at Hill. The defendants again object to the vagueness of the interrogatory since no time frame was provided. Nonetheless, the defendants have stated that the doctors are supervised by the Medical Director and the nurses and other staff are supervised by the Director of Nursing. "Depending upon the nature of other staff's responsibilities, they would be supervised by nurses, the Director of Nursing, and the Medical Director. The Healthcare Unit Administrator and the Wardens employed by the Department of Corrections also have supervisory responsibility related to, for example, security issues." (Def. Memo, Resp. to Int. , p. 5) The answer is adequate.

The plaintiff also objects to Defendant Wexford's response to his Request for Documents # 2, 3, 4, 6, 7, 8, 9, 10, 12, 13, 14 and 15. Some of the plaintiff's requests are clearly not relevant to his claims such as his request for a copy of the HIPPA training manual, hiring policies, funds spent on inmates, and a copy of the insurance policy for Wexford employees ( #2, 3, 4),

Some requests are clearly overboard or not related to the plaintiff's specific claims against the named defendants such as the job titles and descriptions for **every** Wexford employee at Hill; copies of **any** laws, statutes or policies that apply to **all** Wexford employees; **any** documents showing qualifications, interview notes, etc. for **every** Wexford employee working in the IDOC; the qualifications and standards of employment for **all** medical staff at Hill; logs showing the dates and hours of employment for **all** Wexford employees at Hill over a two year period; and any documents showing license restrictions for all Wexford employees working with IDOC. (#7, 8, 9, 10, 12, 13).

In Request # 6, the plaintiff asks for the resume, application, certifications, medical license and interview notes for Dr. Ravanam and Reita Furnald. The defendants object that the request is unduly burdensome and not reasonably calculated to lead to the discovery of admissible evidence. The plaintiff says he needs this information to establish his claim of "improper hiring." (Plain. Memo, p. 4). The plaintiff does not have an improper hiring claim. The plaintiff has a claim that Wexford failed to properly train its employees. *See* March 17, 2008 Court Order, p. 4). The requested information is not relevant to this claim.

In Request #14, the plaintiff asks for any documents showing any complaints, civil or criminal, against Wexford or its employees in the IDOC from 2004 to the present. The defendants appropriately object that the request is overboard and not reasonably related to the discovery of admissible evidence.

In Request #15, the plaintiff asks for any documents showing the non-prescription medications Wexford employees at Hill are allowed to dispense without a prescription. The defendants object that the request is overly broad since it refers to no specific time frame, is overly broad and not reasonably calculated to lead the discovery of admissible evidence. The court agrees. If the plaintiff is claiming that defendants did not give him medication that did not require a prescription, he can make that argument without the information he is requesting. The third motion to compel is denied.

### III. MOTION FOR SANCTIONS

The plaintiff has filed a motion for sanctions and default judgement. The plaintiff says he is asking for sanctions against defense counsel and the defendants because he claims they have lied and purposefully misrepresented facts.

The plaintiff says the defendants mistakenly told him that Dr. Ravanam worked for Wexford. However, the plaintiff has provided no evidence of this and the defendants state they made no such claim. The plaintiff alleges that the affidavit from the Chairperson of the Administrative Review Board, Melody Ford, was misleading. However, Ford simply did not cite to all portions of the Administrative Code that counsel believed were not relevant.

The plaintiff also alleges the defendants lied because they claimed the clothing budget is not used for anything other than clothing. The plaintiff references a document that shows $114.50 spent on Keefe Coffee. The defendants state that the vendor is actually Keefe Coffee

and Supply Company which sells products ranging from coffee to clothing to personal care items.  The plaintiff's document does not show what was purchased, nor is this information relevant to the plaintiff's claims.

The plaintiff alleges that Wexford made false statements about its contract with IDOC.  The defendants respond:

> As disclosed to the Plaintiff, Wexford had a contract that was to be in effect from March 1, 2004 to June 30, 2007.   The State of Illinois, however, canceled its contract with Wexford effective July 5, 2005, in order to avoid a strike. (Def. Resp, p. 2-3)

Finally, the plaintiff says Defendant Furnald's claim that there was no strike is contracted by statement from a Wexford manager that there was a strike.   The plaintiff's own exhibit belies his claim.  The Wexford manager makes reference to "the eve of strike," not to an actual strike.  (Plain. Memo, Ex. I)

The plaintiff's motion for sanctions and default judgement is without merit and is denied. [d/e 128].

### IV. MOTION FOR A PROTECTIVE ORDER

The plaintiff has filed a motion for a protective order "or in the alternative, motion in limine." [d/e 142]   The plaintiff says his criminal background and convictions are not relevant to this cause.  Therefore, he asks that the court order the defendants to make no reference to his criminal background in pleadings or hearings.   The motion is denied.  There is no risk of prejudicial effect in pleadings and hearings outside the presence of a jury.  The plaintiff may renew his motion if and when the case is set for trial.

**IT IS THEREFORE ORDERED that:**

**1) The plaintiff's motions to compel are denied. [d/e 125, 127]**

**2) The plaintiff's motion for sanctions and a default order is denied. [d/e 128]**

**3) The plaintiff's motion for a protective order or motion in limine is denied. [d/e 142]**

Entered this 23rd day of October, 2008.

s\Harold A. Baker
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE